O’NIELL, Chief Justice.
 

 This suit was brought by the receiver of an insolvent corporation against the Victory Gravel Company and T. G. Roberts, who was at one time president of the now insolvent corporation and vice president of the defendant corporation. Both corporations were engaged in the gravel business. Before Roberts became president of the Morgan & Bird Gravel Company, or interested in the company, and while he was vice president and general manager of the Victory Gravel Company, a contract was entered into between the two corporations, by which the Morgan & Bird Gravel Company’s output of gravel was to be sold by the Victory Gravel Company on a commission of 10 per cent. The contract expired about eight months before the Morgan & Bird Gravel Company went into the hands of the receiver but the carrying out of the contract was continued, by tacit consent or acquiescence, until the receiver was appointed. Before Roberts became president of the Morgan & Bird Gravel Company, or interested in the company, the company lent a steam shovel
 
 to
 
 the Victory Gravel Company, of which Roberts was then vice president and general manager ; and, in consideration for the loan, the Victory Gravel Company lent to the Morgan & Bird Gravel Company certain railroad equipment, consisting of 8 dump cars, 2 flat cars and 40 rails.
 

 The receiver claimed in this suit that the Victory Gravel Company and T. G. Roberts, in' solido, owed the Morgan
 
 &
 
 Bird Gravel Company $22,422.29, for five items of indebtedness, viz.: (1) $4,359.84 for commissions alleged to have been retained 'by the Victory Gravel Company on sales made after the expiration of the contract for the commission of 10 per cent.; (2) $3,662.15 balance shown by the books of the Morgan
 
 &
 
 Bird Gravel Company; (3) $1,740.40 for an overcharge, or excess above 10 per cent, commission, on gravel sold to the parish of De Soto; (4) $183.40 for gravel sold from Long Reach pit, belonging to the Morgan & Bird Gravel Company; and (5) $12,476.50 for the value of the steam shovel, alleged to have been appropriated by.
 
 *1067
 
 Roberts and tbe Victory Gravel Company to their own use.
 

 The defendants, in, answer to the suit, denied that they should refund the commissions received for sales made after the expiration of the original term of the contract. They pleaded payment of $4,069.88, covering the item (3) of $1,740.40 and the item (4) of $183.-40, and reducing the item (2) of $3,662.15 to $1,516.07. As to that balance, the Victory Gravel Company set up a counterclaim for $15,000, with interest at 8 per cent, per annum from the 17th of January, 1924, and 10 per cent, attorney’s fee, and asked for a judgment in reconvention for the difference of $13,483.93, with the interest and attorney’s fee as stipulated. The reconventional demand is founded upon a promissory note given by the Morgan & Bird Gravel Company, for $15,000, secured by a chattel mortgage on the steam shovel, and owned by the Victory Gravel Company. The defendants, in their answer, denied that they had appropriated the steam shovel to their own use, and averred that they were and always had been ready and willing to have the Morgan & Bird Gravel Company or its receiver take possession of the steam shovel.
 

 The trial of the case resulted in a judgment for the defendants, rejecting the demands of the plaintiff, receiver of the Morgan & Bird Gravel Company, and condemning him to pay the Victory Gravel Company, as far as the funds of the receivership might pay, $13,483.-93, being the difference between the debt of $1,516.07 owed by the Victory Gravel Company and the $15,000 note held by the company, with interest at 8 per cent, per annum from the 17th of January, 1924, and 10 per cent, attorney’s fee, and reserving to the Victory Gravel Company whatever right the company might have to a chattel mortgage on the steam shovel. The plaintiff, receiver of the Morgan & Bird Gravel Company, has appealed.
 

 The appellant has made- no argument in support of the demand of $4,359.84, for commissions retained by the Victory Gravel Company after the term stipulated in the contract between the two companies had expired. The Victory Gravel Company admitted having retained the commissions to the amount of $4,355.13, but showed that the contract was continued in force by mutual consent. There is no doubt that the contract was so continued in force. In fact the plaintiff virtually abandoned the demand for the refunding of these commissions when the auditor appointed by the judge to'audit the books of the Victory Gravel Company filed his report, and a complete disclosure was made of the transactions between the two corporations.
 

 The plea of payment of $4,069.88, by the Victory Gravel Company, was established by sufficient proof, and in fact was virtually' conceded by the plaintiff on the trial of the ease. The payment extinguished the receiver’s claim (3) of $1,740.40!, and his claim (4) of $183.40, and reduced his claim (2) of $3,-662.15 to $1,516.07.
 

 The plaintiff’s claim of $12,476.50 for the value of the steam shovel is not well founded. The shovel was borrowed by the Victory Gravel Company, about 8 months after the company had lent the 8 dump cars to the Morgan & Bird Gravel Company, at
 
 *1069
 
 Haynesville, La., and a'bout-5 months before the Victory Gravel Company lent the 2 flat cars and 40 rails to the Morgan & Bird Gravel Company. It is true that the Victory Gray el Company afterwards sold the 8 dump cars, at Haynesville; but that was done with the consent and for the benefit of Messrs. Morgan and Bird, of the Morgan & Bird Gravel Company, when the company had no further use for the cars. No demand was ever made upon the Victory Gravel Company, or upon Roberts, either personally or as general manager of the company, to return the steam shovel to the Morgan & Bird Gravel Company. The only demand made upon either of the defendants, with reference to the steam shovel, was a written demand made by the receiver of Morgan & Bird Gravel Company upon the Victory Gravel Company to pay the value or cost of the shovel, $12,000.46. That demand was made about a month before this suit was filed; and, as we have said, it was not a demand for the shovel itself, but, on the contrary, a demand for the value or cost of the shovel, which, of course, the defendants were not obliged to pay.
 

 The reconventional demand of the Victory Gravel Company is sustained by the
 
 company’s
 
 ownership of the promissory
 
 note
 
 for $15,000, bearing interest and attorney’s fees, as stated, and secured by a chattel mortgage on the steam shovel. The appellant complains of the fact that this note was atone time pledged to a bank by the Victory Gravel Company, to secure a debt of the company, and was afterwards taken up and pledged to another bank, to secure a debt which the Victory Gravel Company owed to that bank. But that is a matter of no importance, 'because, before the end of the trial of the case, the Victory Gravel Company through Roberts, paid the debt for which the note was pledged, only $1,530, and produced the unpledged note of $15,000 in court.
 

 It is contended by the appellant that the indebtedness of $1,516.07 which the Victory Gravel Company owed the Morgan & Bird Gravel Company could not be legally offset or compensated, pro tanto, against the note of $15,000 which the Victory Gravel Company held against the Morgan
 
 &
 
 Bird Gravel Company, because the $1,516.07 was a balance of funds which the Victory Gravel Company had received as agent for Morgan & Bird Gravel Company, and hence in a fiduciary capacity. That contention, however, is destroyed by the proof of the method by which the contract between the Morgan & Bird Gravel Company and the Victory Gravel Company, for the sale of the Morgan & Bird Gravel Company’s output, was carried out. The gravel was actually sold to the Victory Gravel Company at the market price, less 10 per cent., and was shipped by the Morgan & Bird Gravel Company to the customers of the Victory Gravel Company. The latter remitted twice a month to the Morgan
 
 &
 
 Bird Gravel Company the amount of the invoices, less the commission or discount of 10 per cent. The balance due to the Morgan & Bird Gravel Company at the end of the transactions, therefore, was not a trust fund in the hands of the Victory Gravel Company, or held by the company in a fiduciary capacity. Even though the Victory Gravel Company was, in a sense, the agent of the Morgan & Bird Gravel Company, article 3023 of the Civil Code seems to justify an offset or compensation
 
 *1071
 
 between such a principal and agent; for the article declares that the mandatory has the right, not only to retain out of the principal’s funds or property in the hands of the mandatory or agent a sufficient amount to satisfy his expenses, and costs, but also to retain, by way of offset, what the principal owes him, provided the debt be liquidated. We rest our decision, in this case, however, upon the fact that the method and character of the transactions between the two corporations were not such as 'to establish a fiduciary relation on the part of one to .the other of them.
 

 It is not contended by the appellant that the insolvency of the Morgan & Bird Gravel Company forbade the extinguishment of the debt due to the company, by compensation or confusion, because of the prejudice which would result to the other creditors of the insolvent corporation. In fact, the judgment is so worded, in that respect, that the Victory Gravel Company has not obtained an undue preference or advantage over other creditors of the Morgan & Bird Gravel Company; and no such complaint is made.
 

 The judgment is affirmed.